

STATE OF MINNESOTA

IN SUPREME COURT

ADM09-8009

May 23, 2016

OFFICE OF
APPELLATE COURTS

**ORDER PROMULGATING AMENDMENTS TO
THE GENERAL RULES OF PRACTICE FOR THE
DISTRICT COURTS**

In an order filed April 22, 2015, the court amended the General Rules of Practice for the District Courts based on recommendations by the Minnesota Supreme Court Advisory Committee for the General Rules of Practice regarding amendments that would accommodate the transition by the judicial branch to a more universal electronic environment. *See Order Promulgating Amendments to the General Rules of Practice for the District Courts*, ADM09-8009 (Minn. filed Apr. 22, 2015). In that order, the court directed the Advisory Committee to monitor the rules and report to the court regarding any further amendments that were recommended for promulgation. *Id.* at p. 2.

In 2016, the Advisory Committee met to consider issues brought to its attention regarding the General Rules of Practice. Following discussion, the Advisory Committee filed a report recommending additional amendments to the rules to refine and extend the 2015 amendments to the General Rules of Practice.

The court has carefully considered the committee's recommendations and concludes that the proposed amendments are technical, non-controversial, rule amendments that are consistent with the 2015 amendments. In addition, the court acknowledges that the Advisory Committee's recommended amendments to Minn. Gen. R. Prac. 417.02 and its

accompanying form were supported in 2014 by the Minnesota State Bar Association Probate Section.

Based on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the attached amendments to the General Rules of Practice for the District Courts be, and the same are, prescribed and promulgated to be effective immediately. The rules as amended shall apply to all cases pending on, or filed on or after, the effective date. The inclusion of committee comments is for convenience and does not reflect court approval of the comments.

Dated: May 23, 2016     BY THE COURT:

Lorie S. Gildea
Chief Justice

# AMENDMENTS TO THE GENERAL RULES OF PRACTICE

*[Note: In the following amendments, deletions are indicated by a line drawn through the words and additions are indicated by a line drawn under the words.]*

## RULE 308. FINAL ORDER, JUDGMENT, OR DECREE

### Rule 308.04 Joint Marital Agreement and Decree

The parties to any marital dissolution proceeding may use a combined agreement and judgment and decree. A judgment and decree that is subscribed to by each party before a notary public, or signed by each party under penalty of perjury pursuant to Minn. Stat. § 358.116, and contains a final conclusion of law with words to the effect that "the parties agree that the foregoing Findings of Fact and Conclusions of Law incorporate the complete and full agreement" shall, upon approval and entry by the court, constitute an agreement and judgment and decree for marriage dissolution for all purposes.

#### Advisory Committee Comment—2016 Amendments

The Court made numerous changes to the court rules in 2015 to allow use of signature under penalty of perjury in lieu of notarization for most court documents where notarization was previously required. These changes followed the 2014 adoption of Minn. Stat. § 358.116 (2014) (codifying 2014 Minn. Laws ch. 204, § 3). The advisory committee is not aware of any good reason to require that this form to be signed before a notary public, and therefore recommends adding the joint marital agreement and decree to the list of forms for which verification under penalty of perjury in accordance with the statute is sufficient.

### Rule 370.04 Filing Requirements

\* \* \*

**Subd. 4. Treatment of Confidential Information.** To retain privacy, restricted identifiers as defined in Rule 11 (such as social security numbers, employer identification numbers, financial account numbers) must be removed from any documents provided under this rule and may only be submitted on a separate Confidential Information Form as required in Rule 11. In addition, financial source documents as defined in Rule 11 (such as tax returns, wage stubs, credit card statements) must be submitted under a cover sheet entitled "SealedConfidential Financial Source Documents" as required in Rule 11.

1

## Rule 371.04  Filing Requirements

\* \* \*

**Subd. 4.  Treatment of Confidential Information.**  To retain privacy, restricted identifiers as defined in Rule 11 (such as Social Security numbers, employer identification numbers, financial account numbers) must be removed from any documents provided under this rule and may only be submitted on a separate Confidential Information Form as required in Rule 11.  In addition, financial source documents as defined in Rule 11 (such as tax returns, wage stubs, credit card statements) must be submitted under a cover sheet entitled "~~Sealed~~Confidential Financial Source Documents" as required in Rule 11.

## Rule 372.04  Filing Requirements

\* \* \*

**Subd. 4.  Treatment of Confidential Information.**  To retain privacy, restricted identifiers as defined in Rule 11 (such as Social Security numbers, employer identification numbers, financial account numbers) must be removed from any documents provided under this rule and may only be submitted on a separate Confidential Information Form as required in Rule 11.  In addition, financial source documents as defined in Rule 11 (such as tax returns, wage stubs, credit card statements) must be submitted under a cover sheet entitled "~~Sealed~~Confidential Financial Source Documents" as required in Rule 11.

# RULE 417.  TRUSTEES—ACCOUNTING—PETITION FOR APPOINTMENT

\* \* \*

## Rule 417.02 Annual Account.

Every trustee subject to the continuing supervision of the district court shall file an annual account, duly verified, of the trusteeship with the court administrator within 60 days after the end of each accounting year.  Such accounts may be submitted on form 417.02 appended to these rules, and shall contain the following:

> (a)  Statements of the total inventory or carrying value and of the total fair market value of the assets of the trust principal as of the beginning of the accounting period.  In cases where a previous account has been rendered, the totals used in these statements shall be the same as those used for the end of the last preceding accounting period.

(b) A complete itemized inventory of the assets of the trust principal as of the end of the accounting period, showing both the inventory or carrying value of each asset and also the fair market value thereof as of such end of the accounting period, unless, because such value is not readily ascertainable or for other sufficient reason, this provision cannot reasonably be complied with. Where the fair market value of any item at the end of the accounting period is not used, a notation of such fact and the reason therefor shall be indicated on the account.

(c) An itemized statement of all income transactions during the period of such account.

(d) A summary statement of all income transactions during the period of such account, including the totals of distributions of income to beneficiaries and the totals of trustees' fees and attorneys' fees charged to income.

(e) An itemized statement of all principal transactions during the period of such account.

(f) A reconciliation of all principal transactions during the period of such account, including the totals of distributions of principal to beneficiaries and the totals of trustees' fees and attorneys' fees charged to principal as well as the totals of liquidations and reinvestments of principal cash.

(g) ~~A list of all assets that realized a net income less than one per cent of the inventory value or acquisition cost, and an explanation of the amount of net income realized and the reasons for retaining the assets.~~

### Advisory Committee Comment—2016 Amendments

The amendment to Rule 417.02 and its related modification of Form 417.02 serve a single purpose—to remove the requirement that annual accounts include a list of assets that realized a net income of less than one percent of value. This requirement has not proven valuable to courts in reviewing annual accounts and it is difficult to make the calculations required by the rule so it is appropriate to abrogate the requirement for providing this information. The amendment does not prevent the court from inquiring about the investment choices and yields of the trust; it just removes the requirement for inclusion of the information in every annual account.

3

[NOTE: The revised form 417.02 is set forth with changes indicated in <u>double underline</u> for additions and ~~strikeout~~ text for deletions to avoid confusion with underlined portions of the actual form. Schedules 3 through 12 of this form are omitted because no changes are made in those schedules.]

| FORM 417.02 | TRUSTEE'S ACCOUNTING |
| --- | --- |

**State of Minnesota**            **District Court**

**County:**           **Judicial District:**
                                            ~~Case~~<u>Court File </u>No.:

                                    **Case Type:**

In the Matter of the Trust Created under Article
_____ of the Last Will of _____ .

**ALTERNATIVE FOR INTER VIVOS TRUSTS:**
In the Matter of the Trust Created under
Agreement By and Between _____ ,
Settlor, and _____ and _____ ,
Trustees, dated _____ .

| | TRUSTEE'S ANNUAL ACCOUNT |
| --- | --- |

| | <u>Principal</u> | | <u>Income</u> | |
| --- | --- | --- | --- | --- |
| Assets on hand as of _____ (Schedule 1) | $ | | $ | |
| | | | | |
| Increases to Assets: | | | | |
|     Interest (Schedule 2) | $ | | $ | |
|     Dividends (Schedule 3) | $ | | $ | |
|     Capital gains distributions (Schedule 4) | $ | | $ | |
|     Gains on sales and other dispositions (Schedule 5) | $ | | $ | |
|     Return of capital (Schedule 6) | $ | | $ | |
|     Other increases (Schedule 7) | $ | | $ | |
| | | | | |
| Decreases to Assets: | | | | |
|     Losses on sales and other dispositions (Schedule 8) | ($ | ) | ($ | ) |
|     Administration expenses (Schedule 9) | ($ | ) | ($ | ) |
|     Taxes (Schedule 10) | ($ | ) | ($ | ) |
|     Trustee fees | ($ | ) | ($ | ) |
|     Attorney fees | ($ | ) | ($ | ) |
|     Other decreases (Schedule 11) | ($ | ) | ($ | ) |
| | | | | |
| Balance Before Distributions | $ | | $ | |

Distributions to Beneficiaries (Schedule 12)  ($ )   ($ )
Principal and Income Balances      $_____   $_____

Total Assets on Hand as of _____       $___
   (Income plus principal) (Schedule 13)

~~Assets which realized a net income of less than 1% of their inventory values or acquisition costs are listed on Schedule 14.~~

[FORM CONTINUED ON NEXT PAGE]

# [NAME OF TRUST]

## ASSETS ON HAND
### [Beginning DATE]
### Schedule 1

| | Market Value as of [DATE] | Values at Cost or Basis Principal | Values at Cost or Basis Income |
|---|---|---|---|
| **Cash or Cash Equivalents** | | | |
| Checking account | $ | $ | $ |
| Savings account | $ | $ | $ |
| Money market account | $ | $ | $ |
| **Stocks and Bonds** | | | |
| Stocks | $ | $ | $ 0.00 |
| Corporate bonds | $ | $ | $ 0.00 |
| Municipal bonds | $ | $ | $ 0.00 |
| **Real Estate** | $ | $ | $ 0.00 |
| **Other Assets** | | | |
| Life insurance policies (cash value) | $ | $ | $ |
| Other assets | $ | $ | $ |
| **Total Assets on Hand as of [DATE]** | $ | $ | $ |

Note: This schedule reflects assets on hand at the **beginning** of the period. Identify each asset thoroughly. Provide the name of the bank and account number for each account holding cash or cash equivalents. Under Minn. Gen. R. Prac. 11, financial account numbers must be submitted on a separate Form 11.1 Confidential Information Form that is not accessible to the public. Provide the number of shares or par value of each security. Provide the address of each parcel of real estate.

6

[NAME OF TRUST]

INTEREST
Schedule 2

|                       | Income |
|-----------------------|--------|
| Checking account(s)   |        |
| 1.                    | $      |
| 2.                    | $      |
|                       |        |
| Savings account(s)    |        |
| 1.                    | $      |
| 2.                    | $      |
|                       |        |
| Corporate bonds       |        |
| 1.                    | $      |
| 2.                    | $      |
| 3.                    | $      |
|                       |        |
| Municipal bonds       |        |
| 1.                    | $      |
| 2.                    | $      |
| 3.                    | $      |
|                       |        |
| Other interest        |        |
| 1.                    | $      |
| 2.                    | $      |
| 3.                    | $      |
|                       |        |
| Total interest        | $      |

Identify each interest-producing asset. List each bank account by name and account number. Under Minn. Gen. R. Prac. 11, financial account numbers must be submitted on a separate Form 11.1 Confidential Information Form that is not accessible to the public. Identify each bond or other asset that pays interest.

\* \* \*

7

[NAME OF TRUST]

ASSETS ON HAND
[ending DATE]
Schedule 13

| | Market Value as of [DATE] | Values at Cost or Basis Principal | Values at Cost or Basis Income |
|---|---|---|---|
| Cash or Cash Equivalents | | | |
| Checking account | $ | $ | $ |
| Savings account | $ | $ | $ |
| Money market account | $ | $ | $ |
| Stocks and Bonds | | | |
| Stocks | $ | $ | $ |
| Corporate bonds | $ | $ | $ |
| Municipal bonds | $ | $ | $ |
| Real Estate | $ | $ | $ |
| Other Assets | | | |
| Life insurance policies (cash value) | $ | $ | $ |
| Other assets | $ | $ | $ |
| Total Assets on Hand as of [DATE] | $ | $ | $ |

Note: This schedule reflects assets on hand at the **end** of the accounting period. Identify each asset thoroughly. Provide the name of the bank and account number for each account holding cash or cash equivalents. Under Minn. Gen. R. Prac. 11, financial account numbers must be submitted on a separate Form 11.1 Confidential Information Form that is not accessible to the public. Provide the number of shares or par value of each security. Provide the address of each parcel of real estate.

8

[NAME OF TRUST]

ASSETS WHICH REALIZED A NET INCOME OF
LESS THAN 1% OF THEIR INVENTORY
VALUES OR ACQUISTION COSTS
Schedule 14

| Description of Asset | Amount of Net Income Realized | Income as Percentage of Cost/Basis |
|---|---|---|
| 1. | $ | % |
| Reason why this asset should be retained: | | |
| 2. | $ | % |
| Reason why this asset should be retained: | | |
| 3. | $ | % |
| Reason why this asset should be retained: | | |
| 4. | $ | % |
| Reason why this asset should be retained: | | |
| 5. | $ | % |
| Reason why this asset should be retained: | | |

**I declare under penalty of perjury that everything I have stated in this document is true and correct.  Minn. Stat. § 358.116.**

Signed at: _____ County, _____

                                             State.

On _____, 20__.

Signature

_____

Name
Agency or Business Name, if applicable
Address
City/State/Zip
Telephone (   )